UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES MICHAEL KYRO,

Petitioner,

v.

CONNIE ROERRICH, Warden,

Respondent.

Civil No. 00-2148 (JRT/FLN)

**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY WRIT SHOULD NOT BE GRANTED**

Petitioner has filed a petition for a writ of habeas corpus claiming that he is being unlawfully incarcerated at the Minnesota Correctional Facility, Faribault, Minnesota.

Respondent is directed to make a return in writing within 20 days from the date of this order, certifying the true cause of Petitioner's detention and showing cause why the writ should not be granted.

The return shall be filed with the Court and shall include:

1. Such affidavits and exhibits as are needed to establish the lawfulness of Petitioner's incarceration;

2. A reasoned memorandum of law and fact fully stating Respondent's position on the issues raised in the petition, as well as Respondent's recommendation as to the need for this Court to conduct an evidentiary hearing on the merits of the petition in the light of the requirements of federal statutes and other pertinent authority;

3. A certified copy of such of the following as may be material to the issues raised by the petition: the Indictment, the plea, the judgment, the trial record, or, if Petitioner pleaded guilty, a transcript of the proceedings at which he pleaded guilty.

FILED SEP 21 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Respondent's return should also specifically address the issue of whether all of Petitioner's current constitutional claims for relief have been fairly presented to, and decided on the merits by, the Minnesota Supreme Court, and if not, whether there are any state court remedies still available for any such claims that have not been so presented and decided.

Absent compliance with this order within the 20 day time period, the Court will entertain a motion to grant the relief prayed for in said petition.

Petitioner has also filed a motion seeking appointment of counsel, (Docket No. 3), which must be addressed. Indigent prisoners do not have a constitutional or statutory right to counsel in civil cases, including habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the petitioner to present his claims, the complexity of the legal issues and whether both the petitioner and the court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Petitioner has the threshold ability to articulate his claims and to argue his positions and is therefore capable of self-representation. Moreover, the Court concludes that appointment of

counsel would not substantially benefit the Court or Petitioner. Accordingly, Petitioner's motion to appoint counsel will be denied.

Finally, the Court notes that Petitioner has also filed an "Application to Proceed Without Prepayment of Fees and Affidavit," seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) Petitioner's request for IFP status will be granted, and he will therefore be excused from paying any filing fee for this action.

Based on the foregoing, and on all of the premises and proceedings of record,

IT IS HEREBY ORDERED that:

1. Respondent is directed to file a return as described herein within 20 days after the date of this order;

2. Petitioner's application to proceed in forma pauperis, (Docket No. 2), is GRANTED; and

3. Petitioner's Motion For Appointment Of Counsel, (Docket No. 3), is DENIED.

Dated: September 21, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge